ADOLPH WULFF v. WALTER A. WOOD HARVESTER COMPANY.[1]

February 9, 1897.

Nos. 10,339—(199).

**Master and Servant.**
> *Held*, that upon the evidence the trial court was justified in dismissing the action and denying the motion for a new trial.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Affirmed.

*S. L. Pierce* and *B. F. Latta*, for appellant.

*Warner, Richardson & Lawrence*, for respondent.

BUCK, J. Action to recover damages for personal injuries. At the time of the injury, defendant was engaged in manufacturing agricultural implements at its factory in St. Paul. It is alleged that the injury was caused by reason of the negligence of the defendant in furnishing the plaintiff a defective double-action machine operating a small circular saw. This machine consisted of a table under which was a shaft to which was attached a pulley upon which the belt was thrown when not in use, and a drive pulley to which the belt was transferred when the saw was started and required to be used. The circular saw in use at the time of the accident was so adjusted that it passed through an opening in the table so that the workman could use it instead of a hand saw. This was called the "repairing machine," and all the workmen in the shop had access to it.

[1] Reported in 70 N. W. 156.

The plaintiff, while making doors, needed some wedges to drive the door together, and, for the purpose of getting these wedges, he made a pattern, and then, taking a block or piece of board, went to the machine, fixed the gauge so that he could slip the block between the saw and the gauge, and, holding the pattern in the right hand and the block in the left, he pressed down on the saw with the block so as to make the saw start and move towards him. As he pressed the block upon the saw, it started, struck the block, drew his hand on the saw, and, before he could withdraw it, it cut off four of his fingers.

At three or four different times within two weeks preceding the date of this injury, plaintiff had operated this machine, and was shown how to do so by one of the workmen in defendant's employment, to whom the foreman of the factory had sent him for that purpose. This workman showed him that by taking a stick, and touching the point of the saw teeth with it, and pressing down lightly, the saw would start readily. This was the usual way of starting the saw by the workmen who used it for short jobs, and some of them used it for an hour or more at a time. No accident or injury had occurred before from this method of using it, and the workmen did not regard its use in this manner as dangerous.

The plaintiff, at the time of the injury, was 43 years old. His father, residing in Prussia, was a carriage maker and proprietor of a factory, employing four or five men; and, from the age of 15 to 18 years, the plaintiff had worked in his father's factory, in which was a band saw which he was accustomed to work and see worked by others. At the age of 18 he went to Berlin, and worked for four years in the factory of the kaiser, where 15,000 men were employed, and where circular and other kinds of saws were used, and which he saw running, but did not use them himself. About 16 years ago he came to this country, and has worked more or less at his trade, as a carpenter, up to the time of the injury. We have not stated all, but the more salient, facts bearing upon his knowledge of the machinery of this kind, its use, and its dangers, and we are led irresistibly to the conclusion that the plaintiff was injured by his own contributory negligence. He was neither young, nor a novice in his knowledge of the use of machinery of this kind and its attendant dangers.

There was an easy and obvious way of applying a stick to the saw, without danger of the hand being drawn down in contact with the saw when it started. The accident must have resulted either from plaintiff's applying the block to the saw in a negligent manner, or from his voluntary assumption of obvious danger, and in either case he cannot recover. The block or board which he held was a small one,—only four to six inches wide and about five inches long,—and easily cut or displaced by a revolving circular saw. It was not the manner in which he was required, or which was necessary, to hold the block to make the wedges, that caused the injury, nor was it the customary way in which they were sawed, but the block was used for an entirely different purpose, viz. to start the saw. Had he used a stick, as directed, or not pressed so hard upon the block, the injury would have been avoided. If he had kept his hand out of the line of the saw when pressing upon the block, no accident would have occurred. Or even if he had used the block in a careful manner in starting the saw, his hand would not have been caught. While employers who use dangerous machinery should be held to a strict accountability in case of their negligence, the employé must at least use ordinary care in avoiding obvious dangers.

The trial court was justified, upon the plaintiff's own evidence, in dismissing the action, and the motion for a new trial was therefore properly denied.

Order affirmed.